**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIRCUS FRUITS WHOLESALE CORP.,

*Plaintiff*,

v.

FARMER JOEN PRODUCE CORP. and
JU GIL JOEN,

*Defendants*.

Civil Action No. 17-1812

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of the Motion for Temporary Restraining Order or Preliminary Injunction filed by Plaintiff Circus Fruits Wholesale Corporation ("Circus Fruits"). D.E. 3. The Court reviewed Circus Fruits' submissions (D.E. 1, 3, 4) and heard oral argument on the motion on April 18, 2017. Although Defendants did not make any submissions in opposition to the Motion, counsel appeared at oral argument on behalf of Farmer Joen Produce Corporation ("Farmer Joen") and Ju Gil Joen. For the reasons set forth below, Plaintiff's application for the issuance of a Preliminary Injunction is **GRANTED**.

**I.    FACTUAL BACKGROUND**

Circus Fruits brings suit pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et al.* Circus Fruits is "a shipper of perishable agricultural commodities in interstate . . . commerce," and is licensed under PACA by the United States

Department of Agriculture. Compl ¶ 3, D.E. 1. Farmer Joen buys and sells wholesale quantities of agricultural produce in interstate commerce and was also a licensed under PACA. *Id.* ¶ 4; Motion Ex. B. Joen is the principal of Farmer Joen according to the PACA license and is the sole shareholder and president of Farmer Joen. *Id.*; Declaration of Silvestre Lo Verde ("Lo Verde Decl."), D.E. 3-1. Circus Fruits' principal place of business is located in New York and Farmer Joen is located in New Jersey. Compl. ¶¶ 3-4.

Circus Fruits alleges that through a series of transactions in February 2017, it sold, shipped and delivered produce, or agricultural commodities, to Farmer Joen. Farmer Joen accepted the produce from Circus Fruits, however, it has not paid for these commodities, leaving an outstanding balance of $85,663.[1] Compl. ¶¶ 9-10. Circus Fruits provided Farmer Joen with invoices for each transaction that set forth the amount Farmer Joen owed to Circus Fruits, and that also contained written notice as required by 7 U.S.C. § 499e(c)(4). *Id.* ¶ 15. When Circus Fruits attempted to get payment, Joen informed Circus Fruits that Farmer Joen "continues to operate but is short of funds and cannot pay the invoices due to Circus [Fruits]." Lo Verde Decl. In addition, Farmer Joen transmitted three checks to Circus Fruits for payment but the checks, which totaled $20,453, were returned due to insufficient funds. Lo Verde Decl. Ex. B.

## II. LEGAL STANDARD

PACA provides that the perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities are held in a non-segregated floating trust for the benefit of unpaid sellers. *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132,

---

[1] Circus Fruits' papers in support of the preliminary injunction state that Farmer Joen has an outstanding balance of $111,117. Compl. ¶ 9. At oral argument, Plaintiff clarified that $85,663 is the principal amount due and owing, and that Circus Fruits also seeks additional amounts in attorneys' fees and interest.

136 (3d Cir. 2000). "This trust is created by operation of law upon purchase of such goods, and the produce buyer is the statutory trustee." *Id.* (citing 7 U.S.C. § 499e(c)(3)). To protect the assets of the trust, an unpaid supplier or seller must give written notice to the buyer of the benefits of the trust. An unpaid licensee may give this notice through its ordinary and usual billing or invoice statements. *Id.* If the licensee gives notice through statements, the statements must include the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4). Finally, PACA provides a private right of action for unpaid licensees to enforce their rights under the statute. *Id.* § 499e(c)(5).

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).

### III. ANALYSIS

The four elements required for a preliminary injunction are satisfied here. First, Circus Fruits is likely to succeed on the merits. The evidence establishes that Farmer Joen accepted produce from Circus Fruits and owes Circus Fruits $85,663 in principal. *See* Lo Verde Decl. Ex. A. There is no dispute that this debt is overdue and owing. Moreover, Plaintiff's evidence meets the requirements of PACA.

Plaintiff also seeks to enjoin Joen personally. Plf's Br. at 8-9. An officer or shareholder may be individually liable for breaching his fiduciary duties under PACA based on common law breach of trust principles. *Food Team Int'l, Ltd. v. Unilink, LLC*, 595 F. App'x 146, 149 (3d Cir. 2014). In determining whether an individual is liable, a court must

> (1) "determine whether an individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (*e.g.*, officer, director, and/or controlling shareholder)"; and (2) "assess whether that individual's involvement with the corporation establishes that she was *actually* able to control the PACA trust assets at issue."

*Id.* (quoting *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 172 (3d Cir. 2010)). In addition, a court must determine that the individual actually failed to preserve trust assets for the beneficiaries. *Id.* (quoting *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 421 (3d Cir. 2005)). Joen is the reported principal on Farmer Joen's PACA license. Lo Verde Decl. Ex. B. At oral argument, Plaintiff's counsel explained that to obtain a PACA license a corporation must include the name of every individual in a position of control over an entity. Because Joen is the only individual listed on Farmer Joen's license, this establishes that Joen holds a position that suggests a possible fiduciary duty. Moreover, at oral argument, Circus Fruits established that Joen likely did control and dissipate the trust assets. Specifically, Joen signed the checks that were provided to Circus Fruits, placed the orders with Circus Fruits, and was the only individual that Circus Fruits had conversations with. Defendants' counsel admitted that he had no facts to the contrary. Consequently, Plaintiff establishes a likelihood of success on the merits as to the personal liability of Joen.

Second, Circus Fruits will be irreparably harmed if a preliminary injunction is not issued. There is a likelihood that the PACA trust funds will be further dissipated if this relief is not put

in place. Joen informed Circus Fruits that Farmer Joen is short of funds and three checks issued by Farmer Joen were returned for insufficient funds. *See Tanimura & Antle, Inc.*, 222 F.3d at 140-41 (concluding that PACA trust dissipation constituted irreparable harm and that "Appellants suffered irreparable injury when the trust was depleted and payment was not readily forthcoming or available").

Third, granting preliminary relief will not result in greater harm to Defendants. Although Defendants raised a concern at oral argument as to Farmer Joen's ability to stay in business if it is enjoined, Farmer Joen has no right to use the PACA trust fund for any purpose other than to pay Circus Fruits. Moreover, there is no dispute that the amount is due and owing. Finally, the "issuance of a preliminary injunction here is in the public interest, as the statutory purpose [of PACA] explicitly encapsulates this." *Id.* at 140 (citing 7 U.S.C. § 499e(c)(1)).

In addition, no security or bond is required under Federal Rule of Civil Procedure 65(c) because it appears that Defendants presently hold $85,663 of assets in trust that belong to Circus Fruits pursuant to PACA. Defendants do not dispute that this amount (or a very near amount) is due to Plaintiff. Moreover, Defendants' counsel stated, during oral argument, that there was no need for a bond in this case. Consequently, the Court finds that the bond requirement is unnecessary here.

### IV. CONCLUSION

For these reasons, the Court is satisfied that the issuance of a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 is appropriate under these facts. Accordingly, a Preliminary Injunction will be entered, enjoining Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions from alienating, dissipating, paying over or signing any assets of Defendants Farmer Joen Corp. and Ju Gil Joen, their subsidiaries or related

companies up to the sum of $85,633.00, except for payment to Plaintiff up to the sum of $85,633.00 or until further order of this Court. An appropriate Order accompanies this Opinion.

Dated: April 18, 2017

_____
John Michael Vazquez, U.S.D.J.